No CV-21
No CV-30

1 Initiating document
2
3 Pro se plaintiff Don Macallister
4 21163 Newport Coast Drive #1010
5 Newport Coast Ca 92657
6 310-924-1303
7 donmacallister8@gmail.com
8
9 UNITED STATES DISTRICT COURT
10 CENTRAL DISTRICT OF CALIFORNIA
11 Ronald Reagan Building
12 411. W. 4th Street, #J-053
13 Santa Ana Ca 92701
14 ─────────────────────────────────



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
APR 1 2025
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

IFP
Submitted

15 DON MACALLISTER,
16 Pro Se Plaintiff,
17 V.

18 CLIMATE UNITED FUND;
19 CALVERT IMPACT CAPITAL;
20 COALITION FOR GREEN CAPITAL;
21 CALIFORNIA INFRASTRUCTURE AND ECONOMIC DEVELOPMENT BANK
22 (IBANK);
23 CITIBANK, N.A.,
24 Defendants.

25 ─────────────────────────────────

26 Case No.: [To Be Assigned] 8:25-cv-00658-JVS-(KESx)
27 COMPLAINT FOR DAMAGES and request for jury trial.

28
29 (1) Intentional Interference with Prospective Economic Advantage
30 (2) Fraudulent Misrepresentation
31 (3) Negligent Misrepresentation
32 (4) Civil Conspiracy
33 (5) Unfair Competition – Cal. Bus. & Prof. Code § 17200

(6) Violation of Public Policy and National Security Interests
(7) Breach of Fiduciary Duty / Duty of Care (Against Citibank Only)

## I. INTRODUCTION

1. This lawsuit is brought by Pro Se Plaintiff Don Macallister, CEO of 5 Sec Recharging EVs Inc., against multiple private financial intermediaries who knowingly applied and enforced an unconstitutional EPA 5-year commercialization rule that was never enacted by Congress.
2. These Defendants received and distributed public funds from the Inflation Reduction Act Greenhouse Gas Reduction Fund (IRA GGRF) totaling over $20 billion, and in doing so, knowingly enforced an unlawful and unauthorized rule that excluded faster, more effective EV recharging technologies from consideration — despite receiving urgent signed Letters of Intent (LOIs) from:
   - United States Marine Corps (USMC)
   - United States Army
   - Los Angeles Police Department (LAPD)
   - California Department of General Services (CA DGS)
   - New York City Fleets Department
   - U.S. Department of Energy Clean Cities Coalitions
3. Plaintiff and his company were ready, willing, and able to build and deliver twelve (12) 5 Sec Recharging™ electric SUV-Pickups and 5 Sec Recharging™ stations for pilot deployment across multiple states (California, New York, Texas, Hawaii, Wyoming), but were denied funding explicitly and solely due to the unconstitutional EPA requirement that "technologies must have been deployed commercially for at least five years."

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and § 1367 (supplemental jurisdiction for state law claims).

5. Venue is proper in this district under 28 U.S.C. § 1391(b) as the Plaintiff resides in this district and a substantial part of the events giving rise to the claims occurred here.

## III. PARTIES

6. Plaintiff Don Macallister is the founder and CEO of 5 Sec Recharging EVs Inc., and a California resident. His company is headquartered in Newport Coast, California.
7. Defendant Climate United Fund is a GGRF recipient and private financial intermediary involved in distributing IRA funds under the EPA's supervision who denied Plaintiff's application due to the 5-year commercialization rule.
8. Defendant Calvert Impact Capital is a GGRF sub-recipient and lending partner who denied Plaintiff's application due to the 5-year commercialization rule.
9. Defendant Coalition for Green Capital is a GGRF recipient and green bank consortium that applied and enforced the unconstitutional EPA rule.
10. Defendant California Infrastructure and Economic Development Bank (IBank) is a state-run agency involved in distributing EPA GGRF funds and cited the EPA's unlawful rule in denying Plaintiff's application.
11. Defendant Citibank, N.A. acted not merely as a passive funding intermediary but as an active participant in designing, approving, and enforcing the EPA's unlawful commercialization requirement. In doing so, Citibank breached its duty of care and participated in a deliberate suppression of competitive clean technologies, despite its global ESG commitments and fiduciary role in public fund oversight.

## IV. FACTS

12. Plaintiff's innovation — 5 Sec Recharging™ electric SUV-Pickups and 5 Sec Recharging™ stations — offers recharging 720x faster than current charging systems, crucial for military, law enforcement, and emergency response fleets.
13. Plaintiff received signed LOIs from numerous Federal and State agencies urgently requesting these vehicles for testing.

14. Despite this demand, Defendants explicitly denied Plaintiff's applications, citing only the EPA's unlawful "5-year commercialization" rule, which was inserted without Congressional authority in violation of:
- *West Virginia v. EPA*, 597 U.S. ___ (2022)
- *Loper Bright Enterprises v. Raimondo*, 603 U.S. ___ (2024)

15. These denials caused the collapse of a $20 million contract opportunity, destroyed Plaintiff's ability to fulfill government testing deployments, and delayed the introduction of a critical national security innovation.

16. Defendants knowingly enforced an unlawful rule, violating Plaintiff's rights, obstructing fair competition, and harming public and national interests.

## V. CAUSES OF ACTION

Count 1 – Intentional Interference with Prospective Economic Advantage

17. Defendants knew of Plaintiff's LOIs and business relationships, and wrongfully interfered by enforcing a rule that lacked legal authority.

Count 2 – Fraudulent Misrepresentation

18. Defendants falsely represented that compliance with the 5-year rule was mandatory under federal law.

Count 3 – Negligent Misrepresentation

19. Defendants negligently misrepresented that Plaintiff's ineligibility was required under GGRF rules when in fact the rule was unauthorized.

Count 4 – Civil Conspiracy

20. Defendants conspired together to suppress competition and ensure only slow, entrenched EV charging solutions received funding.

Count 5 – Unfair Competition (Cal. Bus. & Prof. Code § 17200)

21. Defendants engaged in unlawful, unfair, and fraudulent business practices in violation of California law.

Count 6 – Violation of Public Policy / National Security Harm

22. Defendants harmed public safety and U.S. national security by denying funding to a U.S.-made, faster, more secure EV solution critical to law enforcement and military readiness.

Count 7 – Breach of Fiduciary Duty / Duty of Care (Against Citibank Only)

23. Citibank owed Plaintiff and other applicants a fiduciary and/or professional duty of care in administering federally regulated GGRF funds.
24. Citibank breached that duty by enforcing an unlawful rule, participating in its design and implementation, and failing to disclose its lack of statutory authority.
25. As a result, Plaintiff suffered concrete economic harm, competitive exclusion, and long-term market suppression.

---

## VI. DAMAGES

Plaintiff seeks:

- $20 million in lost contract opportunity damages
- $50 million in future lost revenues
- Punitive damages for intentional interference
- Injunctive relief barring Defendants from enforcing unlawful EPA rules
- Attorneys' fees and costs (if Plaintiff retains counsel)
- Any other relief the Court deems just and proper

---

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

---

Dated: [Insert Date]
Respectfully submitted,
/s/ Don Macallister

Pro Se Plaintiff [signature]
21163 Newport Coast Drive #1010
Newport Coast, CA 92657
donmacallister8@gmail.com
(310) 924-1303

Don MacAllister
Rose plaintiff
21163 Newport Coast Dr. #1010
Newport Coast CA 92657

Civil Intake Clerk
US District Court
Central District of California
Ronald Reagan Building
411 West 4th Street,
Santa Ana, CA 92701

Proc.



RECEIVED
CLERK, U.S. DISTRICT COURT
APR 1 2025
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION   BY

